UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAVALL SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-3280 |
| ) | |
| ILLINOIS DEP'T OF ) | |
| CORRECTIONS, et al., ) | |
| Defendants. ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, allegedly has a broken finger which Defendants refuse to fix. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs, but only against the persons who might plausibly have the professional training and authority to diagnose and treat Plaintiff's condition. Accordingly, this case will proceed against Dr. Thomas Baker, Nurse Lynn Bradbury, and Deborah Fuqua, the health care administrator. The rest of the defendants are laypersons, entitled to rely on the professional judgment of Dr. Baker. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under

1

the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted).

IT IS THEREFORE ORDERED:

1) The merit review scheduled for December 3, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eight Amendment claim against Defendants Baker, Bradbury and Fuqua for deliberate indifference to Plaintiff's serious medical needs. The clerk is directed to add Defendants Baker, Bradbury and Fuqua to the caption. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) Defendants Goins, McNeff, Young, Anderson, Godinez, and the Illinois Department of Corrections are dismissed.

4) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District

Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on January 28, 2013 at 3:30 p.m. by telephone conference (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in

mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: November 28, 2012

FOR THE COURT:

                                       **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE